KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

GREGG PARIS YATES #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-Mail: Gregg.Yates@usdoj.gov

SARAH A. KIEWLICZ
MEREDITH M. HAVEKOST
Trial Attorneys, Tax Division
U.S. Department of Justice
150 M Street N.E.
Washington, D.C. 20002
Telephone: (202) 598-5497
                    (Kiewlicz)
          (202) 598-6072
                    (Havekost)
E-mail: Sarah.Kiewlicz@usdoj.gov
Meredith.M.Havekost@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR21-00014 JMS-WRP |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTION *IN* |
| | ) | *LIMINE* NO. 5 TO PRECLUDE |
| vs. | ) | IRRELEVANT DOCUMENTARY |
| | ) | EVIDENCE AND THIRD-PARTY |
| ROSEMARIE LASTIMADO-DRADI, (1) | ) | TESTIMONY ABOUT |
| MARCIAMINAJUANEQUITA | ) | DEFENDANT |
| DUMLAO, (2) | ) | LASTIMADO-DRADI'S OTHER |
| aka "Marcia Dumlao," | ) | SCHEMES; CERTIFICATE OF |
| ELVAH MIRANDA, (3) | ) | SERVICE |
| DANIEL MIRANDA, (4) | ) | |
| LAZERRICK LAWRENCE, (5) | ) | |
| aka "Muddathir Muhammad," and | ) | DATE:    August 12, 2025 |
| DANITTA ROSS MORTON, (6) | ) | TIME:    9:00 a.m. |
| aka "Danitta Ross," | ) | JUDGE: Hon. J. Michael Seabright |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>GOVERNMENT'S MOTION *IN LIMINE* NO. 5 TO PRECLUDE IRRELEVANT
DOCUMENTARY EVIDENCE AND THIRD-PARTY TESTIMONY ABOUT
DEFENDANT LASTIMADO-DRADI'S OTHER SCHEMES</u>

The government respectfully submits this Motion *In Limine* No. 5 To

Preclude The Introduction Of Irrelevant Documentary Evidence And Third-Party

Testimony[1] about Defendant Lastimado-Dradi's (Dradi) other fraud schemes. Such

evidence is not relevant under Federal Rule of Evidence 401 and any probative

value such evidence may hold is substantially outweighed by the risk of confusing

the issues, misleading the jury, and wasting time. Therefore, the government

requests that the Court preclude any defendant from introducing such evidence, as

outlined below.

## I.    Background

The defendants are charged in the First Superseding Indictment with one

count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371

(Count 37). Dradi is charged with fifteen counts of money laundering (Counts 1-

15), Dumlao is charged with five counts of money laundering (Counts 16-20), and

Elvah Miranda (E. Miranda) is charged with sixteen counts of money laundering

(Counts 21-36), all in violation of 18 U.S.C. § 1957. Dumlao, Daniel Miranda (D.

Miranda), and E. Miranda are also charged with one count each of making and

---

[1] For purposes of this motion, the government refers to this documentary evidence
and third-party testimony as "extrinsic evidence" of the other schemes.

subscribing a false return, statement, or other document, in violation of 26 U.S.C.

§ 7206(1) (Counts 38 and 39 respectively). Dradi is charged with two counts of

aiding and assisting in the preparation and presentation of a false and fraudulent

tax return, in violation of 26 U.S.C. § 7206(2) (Counts 40-41). Dumlao is charged

with one count of false statement under oath (Count 42), D. Miranda is charged

with two counts of false statement under oath (Counts 43 and 44), and E. Miranda

is charged with one count of false statement under oath (Count 45), all in violation

of 18 U.S.C. § 152(2).

According to the First Superseding Indictment, Dradi conspired with her co-
defendants and others not named from at least in or around January 2015 and

continuing through at least September 2018 to prepare and file false and fraudulent

individual income tax returns for the 2014 tax year, and to conceal and obstruct the

IRS's recoupment of the fraud proceeds. Each of the other charged offenses took

place within this timeframe apart from Count 45, which alleges that E. Miranda

made a false statement under oath in October 2018.

The charges against Dradi stem from a scheme she promoted and referred to

as the "Escrow Trust Refund" (ETR scheme). Dumlao, the Mirandas, and others

not charged in this indictment were clients of Dradi's scheme and each received a

large fraudulent tax refund resulting from the filing of false 2014 individual

income tax returns. These participants paid Dradi a portion of their fraudulently

obtained refunds for her facilitation of the ETR scheme, and Lawrence and Morton assisted scheme participants in thwarting IRS efforts to recoup the refunds. After the ETR scheme participants received their fraudulent refunds, Dradi pitched some or all of them purported investment opportunities in other schemes that promised high-yielding returns. These other schemes are not charged in the First Superseding Indictment and the government does not intend to introduce evidence of them in its case-in-chief.

These other schemes mostly involved multi-level marketing (MLM) companies and business ventures that claimed to be investments in foreign currency, cryptocurrency, or foreign enterprises. For example, Dradi promoted "D9," a/k/a "D9 Club" or "D9 Clube," which appeared to be a Brazilian MLM providing subscription-based access to a sports betting platform. Evidence also suggests that Dradi partnered or attempted to partner with ezFinancial Group LLC, a business that claimed to restore customers' credit scores for a fee, to start her own business doing the same named Dradi Financial Services LLC. Dradi and some of her co-conspirators also discussed investing or purported to invest in the Iraqi dinar by exchanging U.S. dollars for this foreign currency. Dradi also had connections to and may have promoted a now-defunct cryptocurrency company, Bitqyck Inc.

//

//

4

## II.    Argument

### A. The Legal Standard for Relevant Evidence Under Federal Rules of Evidence 401, 402, and 403

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides in part that "[i]rrelevant evidence is not admissible." Rule 403 permits a district court to exclude relevant evidence if the evidence's probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See, e.g.*, *United States v. Johnson*, 584 F. App'x 680, 681 (9th Cir. 2014) (affirming district court's exclusion of co-defendant's prior acts because introduction of such evidence would have been time consuming, confused the jury, and led to the government and defendant arguing over whether these acts involved misrepresentations); *United States v. Bussell*, 414 F.3d 1048, 1059 (9th Cir. 2005) (affirming district court's ruling to exclude evidence that the defendants' former attorneys advised other clients that the fraudulent scheme at issue was legal, because determining whether these other clients were co-conspirators or "innocent dupes" would have required "a potentially confusing and time-consuming 'trial within a trial,'" and the probative value of such evidence was substantially outweighed by the dangers of confusing the issues and delaying the trial).

District courts are given "wide latitude" to exclude evidence under Rule 403, and their determinations will not be disturbed on appeal absent an abuse of that discretion. *United States v. Robertson*, 875 F.3d 1281, 1296 (9th Cir. 2017), *cert. granted, judgment vacated on other grounds*, 587 U.S. 935 (2019). "A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues." *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc) (internal quotation marks and citation omitted). The Ninth Circuit "will only reverse a district court's decision if the decision [is] '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Holmes*, 129 F.4th 636, 655 (9th Cir. 2025) (quoting *Hinkson*, 585 F.3d at 1262 (quotation omitted)).

### B. The Court Should Preclude Defendants from Introducing Documentary Evidence and Third-Party Testimony About Defendant Lastimado-Dradi's Other Schemes

Extrinsic evidence of the other schemes Dradi promoted to her co-defendants, such as promotional materials or the testimony of witnesses who are knowledgeable about the schemes, is not relevant. The fact that Dradi's co-defendants may have participated in other schemes she promoted after the ETR scheme could, perhaps, be probative of their trust in her and, in turn, their state of

6

mind while engaging in the conduct alleged in the First Superseding Indictment.
*See, e.g.*, *United States v. Cheek*, 498 U.S. 192, 202 (1991) (When a defendant is
charged with specific intent crimes, the jury is "free to consider any admissible
evidence from any source showing that" the defendant had a good faith belief and
was thus not acting willfully.). But extrinsic evidence of the schemes does not
make any defendant's good faith belief more or less probable and excluding such
evidence does not impinge upon any defendant's ability to testify about their good
faith belief and reliance on Dradi which resulted in them continuing with her other
schemes.

Even if extrinsic evidence of these schemes was somehow probative of the
defendants' mental states during the commission of the charged offenses, any
minimal relevancy is substantially outweighed by the danger of confusing the
issues, unduly delaying the trial, and resulting in a type of "trial within a trial"
about the schemes' legitimacy that would mislead the jury. *See Johnson* and
*Bussell*, *supra*.

## **CONCLUSION**

Based on the foregoing law and facts, documentary evidence and third-party
testimony about schemes Dradi promoted to her co-defendants that are not charged
in the First Superseding Indictment are irrelevant and inadmissible. The
government respectfully requests that the Court issue a pretrial ruling upon the

admissibility of this evidence pursuant to the Court's authority under Federal Rule

of Evidence 104(a).

DATED:  July 14, 2025, at Honolulu, Hawaii.

Respectfully Submitted,

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

By:    */s/ Gregg Paris Yates*
MEREDITH M. HAVEKOST
SARAH A. KIEWLICZ
Trial Attorneys
GREGG PARIS YATES
Assistant United States Attorney

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below,

the true and correct copy of the foregoing was served on the following:

<u>Served Electronically by CM/ECF:</u>

*Rene Hermann Heimgartner*
E-mail: Hermann@Kona.Attorney

   Attorney for DEFENDANT ROSEMARIE LASTIMADO-DRADI

*Andrew M. Kennedy*
E-mail: Andrew@kona-lawyer.com

   Standby for DEFENDANT MARCIAMINAJUANEQUITA DUMLAO

*Birney B. Bervar*
E-mail: bbb@bervar-jones.com

   Attorney for DEFENDANT ELVAH MIRANDA

*Cynthia A. Kagiwada*
E-mail: c_kagiwada@hotmail.com

   Attorney for DEFENDANT DANIEL MIRANDA

*William C. Bagasol*
E-mail: attorneybagasol@outlook.com

   Attorney for DEFENDANT LAZERRICK LAWRENCE

*Crystal Gail K. Glendon*
E- mail: crystal@glendonponce.com

   Attorney for DEFENDANT DANITTA ROSS MORTON

Served Via First Class Mail:

MARCIAMINAJUANEQUITA DUMLAO
69136-509
99-606 Halawa Drive
Aiea, HI 96701


     DATED:  July 14, 2025, at Honolulu, Hawaii.


               */s/ Tiani Kaneakua*
               U.S. Attorney's Office
               District of Hawaii