IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSEMARIE LASTIMADO-<br>DRADI,                    (01)<br><br>Defendant. | CR. NO. 21-00014 JMS-1<br><br>ORDER DENYING DEFENDANT'S MOTION TITLED "MOTION FOR LEAVE TO FILE THIS CORRECTION TO UNITED STATES SENTENCING GUIDELINES EFFECTIVE RETROACTIVELY ON JULY 10, 2026 FOR 2026 WHICH AMENDS DEFENDANT ROSEMARIE LASTIMADO-DRADI'S SENTENCE FROM 108 MONTHS TO 41 MONTHS," ECF NO. 604 |

**ORDER DENYING DEFENDANT'S MOTION TITLED "MOTION FOR LEAVE TO FILE THIS CORRECTION TO UNITED STATES SENTENCING GUIDELINES EFFECTIVE RETROACTIVELY ON JULY 10, 2026 FOR 2026 WHICH AMENDS DEFENDANT ROSEMARIE LASTIMADO-DRADI'S SENTENCE FROM 108 MONTHS TO 41 MONTHS," ECF NO. 604**

Pro se Defendant Rosemarie Lastimado-Dradi ("Defendant") filed a July 23, 2026 Motion titled "Motion for Leave to File This Correction to United States Sentencing Guidelines Effective Retroactively on July 10, 2026 for 2026 Which Amends Defendant Rosemarie Lastimado-Dradi's Sentence From 108 Months to 41 Months." ECF No. 604 ("Motion to Reduce Sentence"). The Motion to Reduce Sentence is DENIED.

As an initial matter, because Defendant has a pending appeal from this court's judgment,[1] the court lacks jurisdiction over the Motion to Reduce Sentence, which the court construes as brought either pursuant to 18 U.S.C. § 3582(c)(2) or seeking a correction for an alleged error made at sentencing. *See United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015) (stating that a "district court does not have jurisdiction to enter a sentence modification order under § 3582(c)(2) while an appeal of that sentence is pending"); *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (stating that the filing of an appeal divests the district court over motions brought pursuant to Federal Rule of Criminal Procedure 35(b)). Regardless, the court DENIES the Motion to Reduce Sentence under Federal Rule of Criminal Procedure 37(a)(2).[2]

Defendant requests that her sentence be reduced from 108 months to 41 months, apparently based on a claim that her total offense level should be

---

[1]  Defendant filed a notice of appeal on February 4, 2026, and that appeal remains pending.  *See* ECF No. 491; Ninth Circuit Appeal No. 26-735.

[2]  Federal Rule of Criminal Procedure 37(a) provides:

(a) Relief Pending Appeal.  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
      (1) defer considering the motion;
      (2) deny the motion; or
      (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

reduced to an offense level 20.  ECF No. 604 at PageID.8308.[3]  Although not clear, Defendant appears to argue that a sentencing guideline amendment made retroactive to her entitles her to a sentencing reduction.  Alternatively, Defendant may be arguing that the court erred at sentencing.  Either way, her claim fails.

First, there has been no sentencing guideline amendment since Defendant's sentencing in January 2026.  Instead, Defendant may be asking the court to consider proposed Sentencing Guideline amendments that are not yet effective.  See Amendments to the Sentencing Guidelines, https://www.ussc.gov/ sites/default/files/pdf/amendment-process/official-text-amendments/ 202605_Amendments.pdf [ https://perma.cc/M747-JA37].  This the court will not do.  *See* 18 U.S.C. § 3582(c)(2) (requiring, in part, that a sentencing range be lowered before a court can reduce a sentence); *see also United States v. Sipai*, 623 F.3d 908, 910 (9th Cir. 2010) (stating in part that before a court can consider a reduction of sentence under § 3582(c)(2), the sentencing range must be reduced by the Sentencing Commission); *United States v. Javonillo*, 2023 WL 5507849, at *2 (D. Haw. Aug. 25, 2023); *United States v. Valenzuela*, 2023 WL 4975770, at *4 (D. Idaho Aug. 3, 2023).  Further, it appears that the Sentencing Commission has

---

[3]   Defendant was sentenced on January 26, 2026, to a term of 108 months of imprisonment.  ECF No. 497.  That sentence was based, in part, on a sentencing guideline total offense level 30, criminal history category I.  ECF No. 498.

decided not to make these proposed amendments retroactive. *See* Proposed

Priorities for Amendment Cycle, 91 Fed. Reg. 35802-01 (June 12, 2026).

Second, Defendant may be seeking a reduction based on alleged

errors at her sentencing. Any such argument, however, is barred absent some

statutory framework that would permit the court to reduce a sentence. *See United

States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011) (stating that a district court

lacks inherent authority to reduce a sentence).

Based on the foregoing, the Motion to Reduce Sentence, ECF No.

604, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 27, 2026 .



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge